UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 11-69-GWU

KRISTY N. GINN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment and motion to remand for consideration of new evidence.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Kristy N. Ginn, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of diabetes mellitus, polyneuropathy, and obesity. (Tr. 21). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform her past relevant work, and therefore was not entitled to benefits. (Tr. 23-27). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 20, high school equivalency education, and work experience as a cashier, could perform any jobs if she were capable of performing a full range of "light" level work. (Tr. 60). The VE's response is listed as being "inaudible" in the court transcript. (Tr. 61). However, he identified other jobs that the person could perform, and proceeded to give the numbers in which they existed in the state and national economies, rendering the issue moot. (Tr. 60-61).

On appeal, the plaintiff does not allege any shortcomings with the ALJ's determination based on the evidence which was before him. She asserts only that additional evidence submitted to the Appeals Council would "in all probability" have resulted in a fully favorable decision and requests a remand in order for them to be considered.

The new evidence consists of EMG and nerve conduction reports from February 25, 2010 (Tr. 434-37), which was approximately one month before the ALJ issued his decision on March 31, 2010 (Tr. 27). In addition, there is an office note from the plaintiff's treating family physician's assistant, Darla Pickett, dated March 3, 2010, in which the test results are discussed and the plaintiff was advised to see an orthopedist for carpal tunnel syndrome and a podiatrist for neuropathy. (Tr. 439). Finally, there is an office note from Dr. William Kumler, an orthopedist, dated April 7, 2010, approximately a week after the ALJ issued his decision. (Tr. 443).

Sixth Circuit case law is clear that evidence submitted after the date of the ALJ's decision cannot be considered by the District Court as part of its substantial evidence review. It does have the power to remand a case for further administrative proceedings in light of the evidence if the claimant can show (1) the evidence is new and material, and (2) there was good cause for not presenting it in the prior proceeding. Cline v. Commissioner of Social Security, 96 F.3d 146, 148-9 (6th Cir. 1996).

In the present case, the evidence is new, and the plaintiff argues that it is material because the EMG and nerve conduction reports show objective evidence of bilateral carpal tunnel syndrome in the plaintiff's hands and peripheral sensory neuropathy of her legs. (Tr. 434-37). The plaintiff points out that although the ALJ noted the plaintiff had been diagnosed with polyneuropathy in March, 2009, the diagnosis was based on her subjective complaints and not from objective testing such as a nerve conduction study or EMG. (Tr. 24-25). Therefore, she reasons that had the new evidence been available, the ALJ would have reached a favorable decision.

The plaintiff's assumption goes too far, however. While the tests cited were positive, the physician conducting the reports noted that the plaintiff now had an insulin pump and apparently good control of her blood sugars, and that once this took place her symptoms of polyneuropathy should eventually get better, although

she might experience worsening discomfort for as long as two years as the nerves regenerated. (Tr. 436-37). Moreover, the mere diagnosis of a condition such as neuropathy or carpal tunnel syndrome, without delineation of functional restrictions, does not establish disability. Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990). The ALJ found polyneuropathy to be a "severe" impairment but noted that numerous examinations showed that the plaintiff's sensation and the rest of her neurological physical examinations were normal. (Tr. 25, 361, 393-402). This suggests little possibility of functional impairment.

Likewise, the new evidence, including the evaluation by Dr. Kumler, was largely benign in terms of polyneuropathy in the lower extremities. (Tr. 443). He did find positive Tinel's signs in both wrists, indicative of carpal tunnel syndrome, but did not assess functional restrictions. Neither he nor the plaintiff appeared to consider the problem to be urgent, since he reported that she could wait "weeks or months" to have carpal tunnel release surgery and the plaintiff stated that she was currently in school and would like to finish classes. (Id.). Therefore, the new evidence fails the materiality test.

The plaintiff has also failed to show good cause to failing to submit the evidence earlier. As previously noted, the EMG and nerve conduction reports were obtained over a month before the ALJ issued his decision but the plaintiff does not

offer any explanation for not submitting them until more than a month had passed after the ALJ's decision.

The court finds that the plaintiff has failed to carry her burden of showing that the new evidence warrants a remand for further consideration. The decision will be affirmed, and the motion to remand will be denied.

This the 26th day of April, 2012.

**Signed By:**

***G. Wix Unthank***

**United States Senior Judge**